JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

WADE M. RHYNE (CABN 216799)
Assistant United States Attorney

   1301 Clay Street, Suite 340S
   Oakland, California 94612
   Telephone: (510) 637-3680
   Facsimile: (510) 637-3724
   E-Mail: wade.rhyne@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FILIBERTO MOLINA-SANTANA ) <br> (a/k/a Filiberto Molina, a/k/a Omar Pineda, ) <br> a/k/a Filiberto Pineda, a/k/a Juan Carlos ) <br> Pineda), ) <br> ) <br> Defendant. ) <br> ) | No. CR-06-0342 DLJ <br> No. CR-07-0808 DLJ <br><br> GOVERNMENT'S SENTENCING MEMORANDUM <br><br> **Sentencing Date: July 11, 2008, 10:00 a.m., The Honorable D. Lowell Jensen** |

     The United States of America requests that the Court sentence Defendant Filiberto Molina-Santana to 27 months imprisonment, which is the high end of the United States Sentencing Guidelines ("Guidelines") range, three years of supervised release, and a $100 special assessment. That sentence is consistent with the parties' Plea Agreement and the Sentencing Recommendation of the United States Probation Officer.

GOVERNMENT'S SENTENCING MEMORANDUM
No. CR-06-0342 DLJ; No. CR-07-0808 DLJ           -1-

**INTRODUCTION**

On April 11, 2008, defendant pled guilty to a one count Indictment charging him with violation of Title 8, United States Code, Section 1326(a) and (b), for being a deported alien found in the United States. The parties agreed to a sentence at the high end of the applicable Guidelines range and the United States agreed to dismiss the violations set forth in the Petition and the Amended Petition for Arrest Warrant for Offender Under Supervision ("Petition") in related Case No. CR-06-0342 DLJ.

The Presentence Investigation Report ("PSR") adequately sets forth the criminal activity. Consequently, the United States will not repeat the information in this section.[1]

**ARGUMENT**

**I. PURSUANT TO THE SENTENCING GUIDELINES, DEFENDANT SHOULD BE SENTENCED TO 27 MONTHS IMPRISONMENT AND THREE YEARS OF SUPERVISED RELEASE.**

The United States agrees with the Guidelines calculations set forth in the PSR resulting in a total offense level of 10 and a criminal history category of V. (PSR ¶¶ 13-22, 23-34.) Pursuant to the Plea Agreement in this matter, the United States recommends a sentence of 27 months imprisonment and three years of supervised release.

**II. APPLICATION OF THE FACTORS IN 18 U.S.C. § 3553(a) DEMONSTRATES THAT A SENTENCE OF 27 MONTHS IMPRISONMENT AND THREE YEARS OF SUPERVISED RELEASE IS REASONABLE.**

The Supreme Court recently noted that the "Guidelines . . . seek to embody the § 3553(a) considerations, both in principle and in practice." Rita v. United States, 127 S. Ct. 2456, 2464 (2007). These factors or considerations include the need for the sentence to promote respect for the law, afford adequate deterrence, and protect the public from further criminal conduct by the defendant. 18 U.S.C. § 3553(a). The sentence recommended by the parties achieves all of these sentencing goals. Defendant has previously been deported from the United States on five occasions. PSR ¶ 6. Additionally, defendant has amassed a substantial and diverse criminal

---

[1] The United States objects to Paragraph 1 of the Addendum to the Presentence Report wherein the Probation Officer states that no response to the presentence report was received from the Government. The United States sent a letter stating that it had no objections to the Presentence Report on June 20, 2008. On July 2, 2008—in response to the Final Presentence Report—the United States sent another copy of the letter to the Probation Office. Receipt of the second copy was confirmed by the Probation Office via e-mail on July 2, 2008.

GOVERNMENT'S SENTENCING MEMORANDUM
No. CR-06-0342 DLJ; No. CR-07-0808 DLJ          -2-

1  record in the United States, that includes convictions for multiple property offenses, multiple
2  burglaries, possession of a controlled substance, and improper entry by an alien.  (PSR ¶¶ 24-31.)
3       Accordingly, a sentence of 27 months imprisonment, three-years supervised release, and a
4  $100 special assessment is therefore reasonable and appropriate.

## CONCLUSION

6       For the foregoing reasons, the United States respectfully requests that the Court determine
7  that defendant's adjusted offense Guidelines offense level is 10 and his criminal history category
8  is V.  The United States further respectfully requests that, taking into consideration the
9  sentencing factors set forth in section 3553(a), the Court sentence defendant to the high-end of
10 the applicable Guidelines range, namely, 27 months imprisonment, impose a three-year term of
11 supervised release (under the terms and conditions recommended by the USPO), and order
12 defendant to pay a $100 special assessment.

14 DATED: July 2, 2008          Respectfully submitted,

15                               JOSEPH P. RUSSONIELLO
                              United States Attorney

/s/ WMR

18                               WADE M. RHYNE
                              Assistant United States Attorney